GEORGE NAGERA,

        **Plaintiff,**

-vs-                                  **Case No. 6:08-cv-77-Orl-19DAB**

RESORT CONSTRUCTION, LLC,
                **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed

herein:

| |
|---|
| **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT** (Doc. No. 43) |
| **FILED:**     **April 3, 2009** |
| _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

       This cause came on for consideration upon referral by the District Judge to determine whether

the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.  *See*

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  If a settlement

is not one supervised by the Department of Labor, the only other route for compromise of FLSA

claims is provided in the context of suits brought directly by employees against their employer under

section 216(b) to recover back wages for FLSA violations.  "When employees bring a private action

for back wages under the FLSA, and present to the district court a proposed settlement, the district

court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing

*Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit

brought by employees under the FLSA for back wages because initiation of the action by the

employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights
> under the statute. Thus, when the parties submit a settlement to the court for approval,
> the settlement is more likely to reflect a reasonable compromise of disputed issues
> than a mere waiver of statutory rights brought about by an employer's overreaching.
> If a settlement in an employee FLSA suit does reflect a reasonable compromise over
> issues, such as FLSA coverage or computation of back wages, that are actually in
> dispute; we allow the district court to approve the settlement in order to promote the
> policy of encouraging settlement of litigation.

*Id.*

Based on representations in the parties' pleadings, Plaintiffs were employed by Defendant as

site foremen; they were paid an annual salary, and they did not receive overtime pay. Doc. Nos. 1,

24, 43. The extent of Plaintiffs' exempt status under the administrative, executive, and/or professional

exemption was much disputed, with Defendant arguing that Plaintiffs were supervisory employees

who fit under the administrative exemption. Doc. No. 24.

Plaintiffs initially sought the alleged unpaid overtime amounts set forth in the chart below[1];

as well as an equal amount in liquidated damages. Doc. No. 24. Plaintiff revised their damages

estimates because "Plaintiffs initially provided estimates of their overtime hours worked to Plaintiff's

counsel based on the few paychecks that they retained, time sheets, and their memories. However,

Plaintiffs kept time sheets documenting each day's total hours worked." Doc. No. 43. Defendant then

provided Plaintiffs with additional time and pay records, and utilizing these records (*see* Doc. No. 43),

---

[1]Two Plaintiffs opted-in recently and did not file responses to court interrogatories prior to settlement of the case.

and Plaintiff's counsel performed revised damage calculations, which are listed in the second column below. Plaintiffs were also concerned that Defendant could prevail on one of their exemption defenses. The settlements to Plaintiffs in unpaid wages and liquidated damages represents varying percentages of the actual damages, from 57% to 100% (exclusive of liquidated damages) that Plaintiffs sought.

| | Damages Alleged In Response to Court Interrogatories | Actual Damages Calculation with Records | Accepted Settlement | Percentage of Actual Damages |
|---|---|---|---|---|
| Nagera | $6,784.40 | $2,994.56 | $2,900.00 | 100 |
| Adams | $3,499.60 | $723.73 | $500.00 | 70 |
| Cesario | did not file | $3,517.61 | $2,000.00 | 57 |
| Mayor | did not file | $1,600.00 | $1,000.00 | 63 |
| Stauffer | $2,862.54 | $1,591.00 | $1,500.00 | 100 |

The parties have agreed that Defendant will pay Plaintiffs' attorney $2,300 in attorney's fees total for representation of **all** Plaintiffs and $4,800 in costs. Doc. No. 43. The attorney's fees portion is well below the lodestar, at Mr. Leach's hourly rate of $190 previously awarded by this Court, for his 31.7 hours accrued in the case, not to mention more than 20 hours spent on the case by paralegals. Doc. No. 43-7 at 5. Costs of approximately $4,800 were incurred for the filing fee, service, copying, and depositions. Doc. No. 43-7 at 12-16. Non-reimbursable costs for faxing, postage, long distance, travel, and legal research – which are more properly treated as overhead – total only $157 and are acceptable given the below lodestar fees calculation. It is respectfully **RECOMMENDED** that the settlement amounts be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 17, 2009.

_David A. Baker_

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy